IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3066-D

| | | |
|---|---|---|
| WAYNE PEDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Wayne Pederson ("Pederson" or "plaintiff"), a federal inmate, brings this action seeking relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Compl. [D.E. 1]. On November 21, 2013, the United States filed a motion to dismiss for failure to effect service pursuant to Federal Rule of Civil Procedure 12(b)(5) [D.E. 4]. On November 27 and December 3, 2013, Pederson filed motions for extension of time to respond to the motion to dismiss [D.E. 7, 9]. As explained below, the court dismisses the complaint without prejudice for failure to state a claim upon which relief can be granted and denies the pending motions as moot.

I.

This court first must conduct frivolity review under 28 U.S.C. § 1915A. In reviewing a case, "the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if the complaint "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2).

Pederson is incarcerated at the Federal Medical Center in Butner, North Carolina. Compl. ¶ 1. Pederson has "a 34-year history of category 3 diabetes, a 12-year history of cardiac disease (with

seven myocardial infarctions) and Parkinson's disease. He also suffered from osteomyelitis and had Charcot[]'s deformity of one of his left toes." Id. ¶ 7. "Some time prior to October 24, 2011, Plaintiff was engaged in cleaning his cell when he suffered a contusion to his right great toe (hereinafter 'Toe Wound')." Id. ¶ 15. On October 24, 2011, during a medical appointment, Pederson "complained to [a physician] that the Toe Wound was inflamed and painful" but the physician "did not examine the Toe Wound or prescribe any treatment for it." Id. "[C]ontinuing through November 9, 2011, the Toe Wound became more swollen, more discolored and much more painful. By November 9, 2011, Plaintiff was suffering from infection, edema and erythem[]a in the right lower leg and foot, as well as fever and unexplained weight loss of more than 15 lbs." Id. ¶ 16. On November 9, 2011, Pederson "collapsed in the shower stall in his . . . cell." Id. ¶ 17.

On November 11, 2011, a physician examined Pederson and transferred him to a local hospital, where Pederson

> was found to be suffering from a right diabetic foot infection due to methicillin-resistant Staphylococcus aure[us] septicemia (hereinafter "MRSA"). Plaintiff was treated with antibiotics, and the Toe Wound was drained by incision. Nevertheless, the MRSA infection was too advanced, requiring that Plaintiff's right great toe be surgically removed on November 22, 2011. Said removal did not halt the worsening inflammation or infection, and Plaintiff had his right leg amputated below the knee on November 23, 2011.

Compl. ¶ 18. Pederson asserts that the Butner medical staff's "failure to diagnose or treat" his toe wound "breached the . . . applicable standard of care" and resulted in the amputation. Id. ¶¶ 27–29. Pederson seeks $10 million in damages. Id. ¶ 35.

The United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government [committed while the employee acts] within the scope of his office or employment." 28 U.S.C. § 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in

2

a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). Because the statute "requires the law of the place where the act or omission occurred to be applied," North Carolina substantive law controls Pederson's claim. Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); see 28 U.S.C. § 1346(b)(1). In North Carolina, a plaintiff asserting negligence must prove "the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, . . . a causal relationship between the breach of duty and" the plaintiff's alleged injuries, "and certain actual injury or loss sustained by the plaintiff." Blackwell v. Hatley, 202 N.C. App. 208, 212, 688 S.E.2d 742, 746 (2010); see Camalier v. Jeffries, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995). In addition, a plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j).

Rule 9(j) states:

Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

The North Carolina General Assembly enacted Rule 9(j) "in part, to protect defendants from having to defend frivolous medical malpractice actions by ensuring that before a complaint for medical malpractice is filed, a competent medical professional has reviewed the conduct of the defendants and concluded that the conduct did not meet the applicable standard of care." Estate of Waters v. Jarman, 144 N.C. App. 98, 100, 547 S.E.2d 142, 144 (2001) (quotation omitted); see Thigpen v. Ngo, 355 N.C. 198, 203–04, 558 S.E.2d 162, 166 (2002). Failure to comply with Rule 9(j) is a ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676–77 (W.D.N.C. 2004); Moore v. Pitt Cnty. Mem'l Hosp., 139 F. Supp. 2d 712, 713–14 (E.D.N.C. 2001).

The United States, through FMC-Butner, is a "health care provider" as defined in section 90-21.11. See N.C. Gen. Stat. § 90-21.11. Pederson seeks to hold the United States liable for the alleged negligence of its employees or staff in rendering or failing to render appropriate medical services requiring special skills. See, e.g., Compl. ¶¶ 15–17; N.C. Gen. Stat. § 90-21.12. In his complaint, Pederson argues that medical staff should have been "reasonably aware of the increased danger of MRSA infection in BOP facilities" and that his medical history made him "substantially more susceptible to loss of extremities as a result from wounds and infection—including MRSA." Compl. ¶¶ 19–20. Pederson alleges that he suffered injuries as a result of the medical staff's delay. See Compl. ¶¶ 21–23. Moreover, Pederson specifically alleges that medical staff failed to act in a manner consistent with "standards of practice among members of the same healthcare profession with similar training and experience in Butner, North Carolina or communities similar to Butner, North Carolina." Id. ¶ 26. As such, Pederson's negligence claim "sounds in malpractice, not ordinary negligence." Frazier, 308 F. Supp. 2d at 678; see, e.g., Duke Univ. v. St. Paul Fire &

4

Marine Ins. Co., 96 N.C. App. 635, 640–41, 386 S.E.2d 762, 765–66 (1990). Thus, under North Carolina law, Pederson must comply with Rule 9(j).

In enacting Rule 9(j), the North Carolina legislature did not create an exception for ignorance or good cause. Nor did the North Carolina legislature provide discretion to the court if a litigant offers an excuse for his noncompliance. See N.C. R. Civ. P. 9(j). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth Cnty. Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Moreover, Pederson's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., O'Neil v. Anderson, 372 F. App'x 400, 402 & n.1 (4th Cir. 2010) (per curiam) (unpublished); Hill v. United States, No. 5:08-CT-3070-D, 2010 WL 3075495, at *15 (E.D.N.C. Aug. 5, 2010) (unpublished) (collecting cases); Stevenson v. N.C. Dep't of Corr., 210 N.C. App. 473, 474–77, 714 S.E.2d 435, 436–37 (2011), appeal dismissed, 707 S.E.2d 234 (N.C. 2011).

Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (quotation and emphases omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland Cnty. Hosp. Sys., Inc., 77 N.C. App. 689, 690–94, 336 S.E.2d 116, 117–19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Pederson has not alleged circumstances that support the application of res ipsa loquitur to his claim.

Accordingly, because Pederson failed to comply with Rule 9(j) or plead facts to fall within the res ipsa loquitur exception, the court dismisses Pederson's FTCA claim.

II.

In sum, the court finds that plaintiff has failed to state a claim upon which relief may be granted, and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1]. The court DENIES AS MOOT the pending motions [D.E. 4, 7, 9]. The clerk shall close the case.

SO ORDERED. This 21 day of February 2014.

JAMES C. DEVER III
Chief United States District Judge

6

Case 5:13-ct-03066-D   Document 11   Filed 02/21/14   Page 6 of 6